UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION AT COVINGTON
CASE NO. 2:18-CV-00110-WOB-CJS

GRETCHEN SCHMIDT                                                                                    PLAINTIFF

vs.

ST. ELIZABETH MEDICAL CENTER, INC.
d/b/a ST. ELIZABETH HEALTHCARE                                                        DEFENDANT

## JOINT DISCOVERY PLAN

1. **Planning Meeting**. Pursuant to Fed. R. Civ. P. 26(f), planning for this matter was conducted on October 29, 2018 between Robert M. Hoffer and Nicholas C. Birkenhauer, Counsel for the Defendant, and Alexander J. Durst, Counsel for the Plaintiff.

2. **Pre-Discovery Disclosures**. The parties will exchange the information required by Rule 26(a)(1) within 21 days of the above date of the parties' Rule 26(f) planning meeting, or by November 19, 2018.

3. **Discovery Plan**. The parties jointly propose to the Court the following discovery plan:

   A.  Discovery will be needed on the following subjects: the claims alleged in the Plaintiff's Complaint; the defenses asserted in the Defendant's Answer.

   B.  Disclosure or discovery of electronically stored information (ESI) should be handled as follows:

   In response to discovery requests, the parties agree to search for responsive electronically stored information, including but not limited to emails, text messages, videos, photographs, recordings, and information located on social media websites, from the proper custodians.  To the extent an issue arises with respect to the production of responsive information outlined in Fed. R. Civ. P. 26(b)(1) relating to the scope of discovery and its limits, the parties will confer in good faith to resolve any such issue prior to filing any discovery motion with this Court.

       The parties agree to exchange documents in PDF format. In the event that the disclosure or discovery of ESI in a format other than PDF is sought in this matter, the parties agree that they will meet and confer to discuss a mutually agreeable plan for the disclosure and discovery of such information.

C.    The parties have agreed that all documents that are protected by the attorney-client privilege and/or work product doctrine shall be listed on a privilege log, which shall set forth the date of the document, the names of the sender and recipient, and a brief description of the document.  Such logs will be provided to the opposing party.  The parties will attempt to resolve any disagreements as to the designation of any particular document as privileged, and if unable to do so, will provide the documents at issue to the Court for an *in camera* review and ruling.

D.    Disclosure and report(s) of plaintiff expert(s) shall be provided by January 15, 2019.

E.    Disclosure and report(s) of defense expert(s) shall be provided by February 15, 2019.

F.    Discovery, including expert witness discovery, shall be completed by April 30, 2019.

G.    Each party shall be limited to 30 interrogatories, and responses to the same shall be due within 30 days of service or as otherwise ordered by the Court, but in no event shall such responses be due earlier than 45 days following the date for Rule 26(a)(1) disclosures set forth above.

H.    Each party shall be limited to 25 requests for admission, and responses to the same shall be due within 30 days of service or as otherwise ordered by the Court, but in no event shall such responses be due earlier than 45 days following the date for Rule 26(a)(1) disclosures set forth above.

**4.    <u>Other Matters</u>**

A.    The parties shall amend their pleadings by February 28, 2019.

B.    Dispositive motions shall be filed by June 30, 2019.

C.    The parties request a pretrial conference in October 2019.

D.    The parties shall file their final witness and exhibit lists 14 days prior to the pretrial conference.

E.    The parties shall have 10 days after service of final witness and exhibit lists to make objections under Rule 26(a)(3).

F.  The case should be ready for trial in November 2019 or upon resolution of any dispositive motions, and the trial is expected to take approximately 3 days.

G.  The parties anticipate there will be issues to submit to a jury.

H.  This is not a product liability case. Plaintiff has asserted a claim under ERISA.

I.  The parties will prepare and enter into non-disclosure/confidentiality agreements as necessary to protect sensitive information prior to disclosure.

J.  The parties hereby stipulate that the legal name of Defendant is St. Elizabeth Medical Center, Inc. d/b/a St. Elizabeth Healthcare, and further, that said Defendant shall be substituted for the original named defendant in this case, St. Elizabeth Healthcare.

K.  The parties do not unanimously consent to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. § 636 (c).

Respectfully Submitted,

*/s/ Alexander J. Durst*_____  
Alexander J. Durst (Ohio Bar No. 0089819)  
(admitted pro hac vice)  
The Durst Law Firm  
810 Sycamore St., 2nd Floor  
Cincinnati, OH 45202  
Tel: (513) 621-4999  
Fax: (513) 621-0200  
alex@durstlawfirm.com  
*Attorney for Plaintiff*

*/s/ Robert M. Hoffer*_____  
*/s/ Nicholas C. Birkenhauer*_____  
Robert M. Hoffer           (34210)  
Nicholas C. Birkenhauer     (91901)  
Dressman Benzinger LaVelle PSC  
207 Thomas More Parkway  
Crestview Hills, KY 41017  
Tel: (859) 341-1881  
Fax: (859) 341-1469  
rhoffer@dbllaw.com  
nbirkenhauer@dbllaw.com  
*Attorneys for Defendant*

## **CERTIFICATE OF SERVICE**

      The undersigned attorneys of record in this matter certify that a copy of the foregoing was served via the Court's electronic filing system on the 2nd day of November, 2018, upon all parties of record.

| | |
|---|---|
| */s/ Alexander J. Durst* | */s/ Robert M. Hoffer* |
| Alexander J. Durst | Robert M. Hoffer |